762 F.2d 1011
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOSEPH SEAY AND ROBERT BULLARD, ON BEHALF OF THEMSELVES AND
OTHERS SIMILARLY SITUATED, PLAINTIFFS-APPELLANTS,
v.
TENNESSEE DEPARTMENT OF CORRECTIONS; HAROLD B. BRADLEY,
COMMISSIONER; JIMMY HARRISON, WARDEN, FT. PILLOW
STATE FARM; LAMAR ALEXANDER, GOVERNOR,
DEFENDANTS-APPELLEES.
 NO. 83-5148
 United States Court of Appeals, Sixth Circuit.
 3/26/85
 
 On Appeal from the United States District Court for the Western District of Tennessee
 BEFORE: KEITH and MARTIN, Circuit Judges, and PORTER.*
 PER CURIAM:
 
 
 1
 This appeal arises from a Section 1983 class action filed by appellants in the United States District Court for the Western District of Tennessee. Plaintiffs, present and former state prisoners at Fort Pillow State Farm, contended that the state's failure to provide legal assistance to inmates deprived them of meaningful access to the courts.
 
 
 2
 A trial before the district court was held in December 1981. Thereafter, the court certified a class of literate inmates and a subclass of barely literate and illiterate inmates. In an opinion filed November 24, 1982, the court concluded that since Fort Pillow provided inmates with an adequate law library and allowed writ writer assistance, the literate inmate class, as a matter of law, was afforded meaningful access to the courts. Based upon the defendants' supplemental memorandum on court access for the illiterate subclass, the court ordered judgment for the defendants as to both classes on January 26, 1983.
 
 
 3
 On appeal to this Court, plaintiffs contend the district court impermissibly based its judgment on several clearly erroneous findings of fact and on erroneous conclusions of law. We do not agree and affirm the judgment below for the following reasons.
 
 
 4
 The issue in this case is whether the legal resources provided by Fort Pillow afford inmates a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts. Bounds v. Smith, 430 U.S. 817, 825 (1977). If taken as alleged, none of the challenges which plaintiffs raise to the judgment below alter the fact that Tennessee has provided an adequate law library, the minimal resource required under Bonds v. Smith to ensure literate inmates an adequate opportunity to present claimed violations, and writ writer assistance, the basic means of access required for illiterate inmates in Johnson v. Avery, 393 U.S. 483 (1969).
 
 
 5
 Plaintiffs concede that (1) Fort Pillow's law library is adequately maintained and regularly used by inmates; (2) librarians, selected for their likely effectiveness, staff the library; (3) a number of writ writers, inmates who 'display or profess to have knowledge of legal procedure', regularly assist inmates from both classes in preparing petitions; and (4) the 'failure rate' of petitions filed by Fort Pillow inmates is no greater than that of petitions filed in other regions of Tennessee and other states. Appellants' Brief at 21-22.
 
 
 6
 Upon review of the record, we do not conclude the district court based its judgment on clearly erroneous findings of material fact or misapplied the law in determining that both classes of imates are afforded meaningful access to the courts. In our view, plaintiffs failed as a matter of law to prove deprivation of a constitutional right by a defendant acting under color of state law as required by 42 U.S.C. Sec. 1983. We affirm the judgment below for this issue on the basis of the well reasoned district court opinion dated November 24, 1982. Joint Appendix at 11-28.
 
 
 7
 Plaintiffs also contend that the prison policy of allowing writ writers to assist other inmates subjects inmates seeking legal assistance to a violent blackmarket in violation of the eighth and fourteenth amendments. However, Fort Pillow policy forbids writ writers to charge for their services and plaintiffs do not show gross negligence or deliberate indifference to the inmates' risk of injury on the part of prison officials as a result of the policy. Stewart v. Love, 696 F.2d 43, 44 (6th Cir. 1982). Thus, no violation of the eighth amendment protection against cruel and unusual punishment sustains plaintiffs' claims.
 
 
 8
 Accordingly, the judgment of the Honorable Harry W. Wellford** is affirmed.
 
 
 
 *
 Honorable David S. Porter, United States District Court for the Southern District of Ohio, sitting by designation
 
 
 **
 Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation